[Doc. Nos. 5 & 7]

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

MALIBU MEDIA, LLC.,

        Plaintiff,

   v.

JOHN DOES 1-18,

        Defendants.

Civil No. 12-7643(NLH/AMD)

## ORDER

      This matter comes before the Court by way of Plaintiff's motions [Doc. No. 5] for leave to serve third-party subpoenas prior to a FED. R. CIV. P. 26(f) conference and [Doc. No. 7] for an expedited hearing. The Court has considered Plaintiff's submissions and held a telephone conference on the matter on March 6, 2013 with Patrick Cerillo, Esquire, appearing on behalf of Plaintiff. For the reasons set forth herein, Plaintiff's motion for leave to serve a third-party subpoena is granted in part as to John Doe 1 and Plaintiff's motion for an expedited hearing is dismissed as moot.

      Plaintiff's complaint was initially filed December 12, 2012 against John Doe Defendants 1-18. (Compl. [Doc. No. 1].) On February 13, 2013, the Court issued an Order to Show Cause as to why all John Does except John Doe 1 should not be severed and

dismissed without prejudice.  (Order to Show Cause [Doc. No. 8]
Feb. 13, 2013.) In response to the Order to Show Case, Plaintiff
voluntarily dismissed Defendants John Does 2-18 by notice of
voluntary dismissal dated February 28, 2013. (Notice of Voluntary
Dismissal without Prejudice of John Does 2-18 Only [Doc. No. 10].)
Therefore, the issue of joinder of Defendants John Does 2-18 is not
before the Court at this time.

         With respect to the motion for discovery, Plaintiff
asserts in its complaint and its memorandum of law in support of
its motion for leave to serve third-party subpoenas that Defendant
used "the internet and the BitTorrent protocol to commit direct and
contributory copyright infringement." (Pl.'s Mem. of Law in Supp.
of Leave to Serve Third Party Subpoenas Prior to a Rule 26(f) Conf.
[Doc. No. 5-8] (hereinafter, "Pl.'s Mem."), 5.)  The technology at
issue in this case has been set forth in detail by numerous other
courts and need not be repeated herein. See, e.g. Modern Woman,
LLC v. Does I-X, No. 12-4859, 2013 WL 707908, at *1 (D.N.J. Feb.
26, 2013); Malibu Media, LLC v. John Does 1-30, No. 12-3896, 2012
WL 6203697, at *1 (D.N.J. Dec. 12, 2012).  Plaintiff asserts in his
memorandum of law that Plaintiff needs discovery from Defendant's
internet service provider in order to discover Defendant's
identity. (Id.)

         FED. R. CIV. P. 26(b)(1) provides that "[p]arties may
obtain discovery regarding any nonprivileged matter that is
relevant to any party's claim or defense" and that "[f]or good

2

cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Additionally, "[r]elevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." FED R. CIV. P. 26(b)(1). However, "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)[1], except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order." FED. R. CIV. P. 26(d)(1). A good cause standard governs whether to permit discovery prior to a Rule 26(f) conference. See, e.g., Modern Woman, LLC v. Does I-X, 2013 WL 707908, at *2. ("Courts faced with motions for leave to serve expedited discovery requests to ascertain the identity of John Doe defendants in internet copyright infringement cases often apply the 'good cause' test.").

---

1. Rule 26(f)(1) provides "[e]xcept in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B) or when the court orders otherwise, the parties must confer as soon as practicable -- and in any event at least 21 days before a scheduling conference is to be held or a scheduling order is due under Rule 16(b)." FED. R. CIV. P. 26(f)(1). Rule 26(f)(2) further provides that "[i]n conferring, the parties must consider the nature and basis of their claims and defenses and the possibilities for promptly settling or resolving the case; make or arrange for the disclosures required by Rule 26(a)(1); discuss any issues about preserving discoverable information; and develop a proposed discovery plan. The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan, and for submitting to the court within 14 days after the conference a written report outlining the plan. The court may order the parties or attorneys to attend the conference in person." FED. R. CIV. P. 26(f)(2).

A number of courts have found good cause and permitted expedited discovery as to the identity of internet subscribers alleged to have infringed upon a plaintiff's copyright.  See, e.g. Malibu Media, LLC v. John Does No. 1-30, 2012 WL 6203697, at *2 (granting motion to serve third-party subpoenas on defendants' internet service providers); Next Phase Distribution, Inc., 284 F.R.D. 165, 171 (S.D.N.Y. 2012)(granting plaintiff's motion for discovery prior to a Rule 26(f) conference but requiring that the information produced be treated as confidential and used for litigating only the case at issue).  Additionally, the Court notes that pursuant to 47 U.S.C. § 551(c)(2)(B) such personally identifiable information is discoverable from a cable provider if "made pursuant to a court order authorizing such disclosure, if the subscriber is notified of such order by the person to whom the order is directed."  47 U.S.C. § 551(c)(2)(B).

    Several courts have limited the requested discovery in similar copyright cases to protect potentially non-infringing defendants.  See, e.g. Next Phase Distribution, Inc., 284 F.R.D. at 170; Modern Woman, LLC, 2013 WL 707908, at *5.  In Next Phase Distribution, Inc., the Southern District of New York noted that the person whose name is attached to the internet protocol ("IP") address in question may not in fact be the person who infringed on the copyrighted material in question.  284 F.R.D. at 170.  Based on this potential for a "false positive" as to the identity of the infringer, and on the fact that the copyrighted material in

question was a potentially embarrassing pornographic video, the court in Next Phase issued a protective order and instituted a protocol for discovery requested prior to a Rule 26(f) conference. 284 F.R.D. at 172.  The protocol used in Next Phase permitted the internet service providers and the defendants twenty-one (21) days to quash or object to the subpoena, required that the internet service providers produce the material to the court for *ex parte* review before being disclosed to plaintiff's counsel by the court, and prohibited plaintiffs from seeking the phone numbers or email addresses of the defendants.  Id.

In Modern Woman, LLC, the court permitted expedited discovery, but limited the requested discovery to only the name and address of the internet subscriber and noted that "[b]y permitting this discovery, the Court is not finding that Plaintiff may rely solely on the fact that the named defendant is the person identified as the subscriber associated with the IP address to prove that such person engaged in the acts set forth in the Complaint."  2013 WL 707908, at *5 n.4.  The Modern Woman court noted that plaintiff would likely need additional discovery beyond just the IP address of the subscriber in order to establish that the internet subscriber infringed upon the copyright in question. Id. at *5. Additionally, in Third Degree Films, Inc. v. John Does 1-110, Civ. No. 12-5817, 2013 U.S. Dist. Lexis 27273, at *5-6 (D.N.J. Jan. 17, 2013), the magistrate judge denied the plaintiff's request for expedited discovery without prejudice and noted that

such discovery "has the potential to ensnare numerous innocent internet users into the litigation placing a burden on them that outweighs Plaintiff's need for discovery as framed" and that any future requests for such information shall include how plaintiff plans to use the information sought. Id. at *5.

Here, the Court finds good cause to permit limited discovery prior to the Rule 26(f) conference.  In finding good cause, the Court notes that discovery of the internet subscriber's personally identifiable information is relevant discovery under Rule 26.  Without such discovery Plaintiff would be severely limited in his ability to discover the identity of the infringing party. (See Pl.'s Mem. 4.)  However, as noted in Modern Woman, 2013 WL 707908, at *5 n.4 and Next Phase Distribution, 284 F.R.D. at 170, discovering the identity of the internet subscriber may not equate to discovering the identity of the infringing party. Establishing that the person identified by discovery is the person who infringed upon the copyright will likely require additional proofs beyond the fact that the individual is listed as the subscriber on the account from which the infringing activity originated.  See Modern Woman, LLC, 2013 WL 707908, at *5 n.4 (noting that, by permitting discovery of the personally identifiable information, the court did not permit plaintiff to rely solely on that discovery to prove that the subscriber committed the acts alleged in the complaint); Next Phase Distribution, 284 F.R.D. at 172 (noting the "high likelihood" that

6

the requested discovery could lead to "false positives" as to the identity of the alleged infringer.)

In resolving the pending request for expedited discovery, the Court must balance Plaintiff's need for discovery against the privacy interests of the subscriber.  Plaintiff asserts that it will be unable to discover the identity of the infringing party without the requested discovery (Pl.'s Mem. 4).  However, the infringing activity may have been conducted using the internet subscriber's IP address by someone other than the internet subscriber.  In Next Phase, the District Court required that the internet service provider provide the internet subscriber twenty-one (21) days to challenge the subpoena before the internet service produced any information in accordance with the subpoena and prohibited the plaintiff from subpoenaing the telephone number or email address of the individuals assigned to the particular IP addresses.  Next Phase, 284 F.R.D. at 172.  Similarly, here, in balancing the interests of Plaintiff against those of the John Doe, the Court grants Plaintiff's request for discovery, but shall limit the subpoena by not permitting discovery of the internet subscriber's telephone number or email addresses and shall provide an opportunity for the John Doe Defendant to respond to this Order and move to quash or further limit the subpoena.[2]  Under the

---

2. The Court notes that in Third Degree Films a magistrate judge denied a similar request for discovery prior to a Rule 26(f) conference.  Third Degree Films, Inc., 2013 U.S. Dist. Lexis 27273, at *5-6.  While the facts here are almost identical to the facts in Third Degree Films, the Court here finds that providing

protocol set forth herein, Comcast Cable, the internet service provider in question, shall provide the internet subscriber with a copy of this Order and a copy of the subpoena received from Plaintiff.  Upon receipt of this Order and the subpoena, the internet subscriber shall have twenty-one (21) days to quash the subpoena or move in the alternative for a protective order.  After providing the subscriber with the subpoena and a copy of this Order, Comcast Cable shall not provide responsive information to Plaintiff until the latter of the expiration of twenty-one (21) days or resolution of any motion to quash or for a protective order.  Nothing in this Order shall be construed as limiting Comcast Cable's right to oppose the subpoena on its own behalf.

CONSEQUENTLY, for the reasons set forth herein and for good cause shown:

IT IS on this 22nd day of March 2013,

ORDERED that Plaintiff's motion [Doc. No. 5] for leave to serve third-party subpoenas prior to a Rule 26(f) conference shall be, and hereby is, **GRANTED IN PART** as to John Doe 1 and **DENIED AS MOOT** as to John Does 2-18; and it is further

ORDERED that any subpoena issued to Comcast Cable in this case shall not request information regarding John Doe 1's telephone

---

the John Doe Defendant an opportunity to respond to this Order and any subpoena before any information is provided to Plaintiff meets the same goals of protecting potentially innocent John Does from unnecessary discovery while at the same time permitting discovery to proceed so as to permit Plaintiff an opportunity to enforce its copyright.

number or email address, but may request the name, address, and media access control address to whom the internet service provider assigned an IP address as set forth in Plaintiff's complaint with respect to John Doe 1; and it is further

**ORDERED** that Comcast Cable shall provide the internet subscriber currently identified as John Doe 1 with a copy of this Order and a copy of any subpoena Comcast Cable receives from Plaintiff in this matter; and it is further

**ORDERED** that the internet subscriber currently identified as John Doe 1 shall have twenty-one (21) days from the receipt of this Order and the subpoena to object to or move to quash the subpoena; and it is further

**ORDERED** that Comcast Cable shall not respond to any subpoena served in this case until the latter of the expiration of the twenty-one (21) day period set forth above or resolution of a motion to quash or for a protective order.

**ORDERED** that Plaintiff's motion [Doc. No. 7] for an expedited hearing shall be, and hereby is, **<u>DISMISSED AS MOOT</u>**.


<u>s/ Ann Marie Donio</u>
ANN MARIE DONIO
UNITED STATES MAGISTRATE JUDGE


cc: Hon. Noel L. Hillman